Minute Order Form (06/97)

JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4898 | **DATE** | 9/11/2000 |
| **CASE TITLE** | MS. JEDDA K. MALIK vs. CHILDRENS WORLD LEARNING CENTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. This case is hereby dismissed without prejudice [3-1]. The petition to proceed in forma pauperis is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 12 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 5 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 SEP 11 PM 2:34 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MS. JEDDA K. MALIK )
)
)
)
Plaintiff, )
) No. 00 C 4898
v. ) Judge Ronald A. Guzman
)
)
CHILDRENS WORLD LEARNING CENTER )
) **DOCKETED**
)
) **SEP 1 2 2000**
Defendant. )

## MEMORANDUM OPINION AND ORDER

Jedda K. Malik ("Malik") has submitted a self-prepared Complaint of Employment Discrimination against her ex-employer, Childrens World Learning Center, utilizing for that purpose the printed form supplied by this District Court's Clerk's Office (having filled in the blanks or having checked the various alternatives listed in the form. Malik has attached to her complaint photocopies of her administrative Charge of Discrimination and the EEOC's right to sue letter, and she has submitted her Application to Proceed Without Prepayment of Fees and Affidavit.

To begin with, the Application does not support Malik's entitlement to proceed without payment of the $120.00 filing fee and Malik has failed to sign the civil cover sheet accompanying this Application. Malik is employed and she lists income sources of about $12,000 annually. Her daughter is dependent upon her, however, so apparently her income resources are not fully

available to her.

It is of course plain, that Malik cannot pay the $120 filing fee immediately, for the Application lists her total savings as $50. But there appears to be no apparent reason why Malik could not pay the fee on an installment basis. Assuming that Malik is indigent and therefore eligible to proceed in forma pauperis, we find that the complaint must be dismissed. Amendments to the 28 U.S.C. § 1915 contained in 1996 Prison Litigation Reform Act now require the court to dismiss the case if it determines that (i) the action is frivolous or malicious, (ii) it fails to state a claim on which relief may be granted, or (iii) petitioner seeks damages from a defendant who is immune form such relief. 28 U.S.C. § 1915(e)(2)(B). The case will be dismissed as "frivolous" if petitioner can make "no rational argument in law or fact to support her claims for relief. *Jones v. Morris*, 777 F. 2d 1277, 1279 (7th Cir. 1985)(quoting *Corgain v. Miller*, 708 F. 2d 1241, 1247 (7th Cir. 1983)).

An examination of Malik's complaint for discrimination under the American With Disabilities Act reveals that this court has no subject matter jurisdiction pursuant to the American with Disabilities Act of 1990, 42 U.S.C.§ 12101, et. seq ("Act") and the Rules and Regulations of the DHR 56 Ill. Adm. Code Chapter II, § 2520, 460 (a). Under the Act the definition of disability requires a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C.§ 12101(2)(A). The impairment must be a significant one to trigger the Act's obligation. Here, even taking plaintiff's allegations as true, that her daughter suffered from mono rather than the nasal discharge or poor sleep as reported by her daughter's physicians. Malik still has not satisfied the definition of handicap. As the Illinois Department of Human Rights noted Malik's transitory and insubstantial health problems do not

meet the definition of handicap under 775 ILCS 5/3-101 et. seq.. Where the court has no subject matter jurisdiction there "is no rational argument in law or fact" to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See *Jones,* 777 F. 2d at 1279.

## CONCLUSION

This case is hereby dismissed without prejudice. (# 3 ). The petition to proceed in forma pauperis is denied as moot.

SO ORDERED

ENTERED: 9/11/00

*Ronald A. Guzman*

HON. RONALD A. GUZMAN
United States Judge